IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMOS E. CRUMP                                                                                    PLAINTIFF

v.                                                           CIVIL ACTION NO. 1:13-cv-569-KS-MTP

CHIQUITA BROWN, ET AL.                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [39]. Having considered the Motion [39], the record, and the applicable law, the undersigned recommends that the Motion [39] be granted, this action be dismissed, and the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## BACKGROUND

On November 20, 2013, Plaintiff Amos E. Crump, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff's allegations arise from events which occurred while Plaintiff was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears*[1] hearing.[2]

According to Plaintiff, on August 16, 2013, he was walking toward the dining hall when he saw a correctional officer and an inmate fighting outside the dining hall. Officer Beverly Breland instructed Plaintiff to get in the dining hall. Officers subdued the violent inmate, and

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

1

Plaintiff told another inmate "they won't do that to me." Thereafter, Officer Michelle Morris informed the deputy warden about Plaintiff's statement, and Plaintiff was placed in a holding cell with other inmates, including the violent inmate.

Warden Ron King allegedly came to the holding cell and instructed Officer Breland to issue Rule Violation Reports ("RVRs") to the inmates. After Warden King left the holding cell, Officer Morris informed Officers Woolman and Hostetler about Plaintiff's statement. Plaintiff alleges that Officers Woolman and Hostetler assaulted him and Officers Brown, Beasley, Breland, and Morris witnessed the assault.

Thereafter, Officer Breland allegedly issued RVRs against Plaintiff for inciting a riot, refusing to obey orders, refusing to enter the dining hall, refusing a search, and possessing a cellular phone. Plaintiff alleges that he was found guilty of all the rule violations except for refusing to obey orders. As a result of the RVR for possession of a cellular phone, Plaintiff lost six months of earned time. The only relief Plaintiff seeks in this action is the restoration of six months of earned time, but Plaintiff did not state any particular reason why the RVR should be set aside or the earned time restored. *See* Omnibus Order [36].

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations,

unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

As previously mentioned, the only relief Plaintiff seeks in this action is the restoration of six months of earned time.  Plaintiff's requested relief, however, cannot be granted by this Court in a § 1983 civil action.  A § 1983 civil action is not the proper vehicle to pursue a request seeking restoration of earned time credits. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).  Plaintiff must pursue his request for the restoration of earned time credit through a petition for habeas corpus relief which requires him to exhaust his available state remedies. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (finding that habeas corpus was the exclusive remedy for a claim of restoration of good time credits because "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits" and would imply a speedier release from prison).

In order for this Court to construe this civil action as a petition for habeas relief, Plaintiff is required to have exhausted his available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).  Pursuant to the record before the Court, Plaintiff has failed to establish that he has exhausted his available state remedies[3] as required to pursue this matter as a habeas request.

---

[3] Under Mississippi law, an "offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure . . . may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss. Code Ann. § 47-5-807.

Consequently, this complaint will not be liberally construed as a petition for habeas corpus relief.

Moreover, Plaintiff has failed to allege, much less demonstrate, that Defendants deprived him of the due process requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)[4] when he lost good time credit for possession of a cellular phone.

As Plaintiff has failed to state a claim upon which the requested relief may be granted, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the dismissal counted as a strike pursuant to Section 1915(g).

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [39] be GRANTED,

2. This action be dismissed with prejudice as to the § 1983 claims and without prejudice as to his habeas claims, and

3. The dismissal be counted as a strike pursuant to Section 1915(g).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

---

[4] Under *Wolff*, due process is satisfied when the inmate receives a finding from an impartial decision maker and is given (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present documentary evidence and testimony from witnesses; (3) assistance at the hearing if needed; and (4) a written statement of the evidence relied on and the reason for the disciplinary action.

instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 14th day of December, 2015.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge